**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARFIELD EDWARDS,** | : | **Civil Action No.** |
| **514 Greenwood Street** | : | |
| **Philadelphia, PA 19147** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **SUGARHOUSE HSP GAMING, L.P.** | : | |
| **d/b/a RIVERS CASINO,** | : | |
| **390 Boot Road** | : | |
| **West Chester, PA 19380** | : | |
| | : | |
| **444 Devereux Drive** | : | |
| **Villanova, PA 19085** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Garfield Edwards (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### **THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino is a casino entertainment development with a location and corporate headquarters located at 1001 N Delaware Avenue, Philadelphia, PA 19125.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, national orientation and gender discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number 530-2022-00267 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 11, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Black male of Jamaican origin.

21. In or around 2016, Defendant hired Plaintiff in the position of Server at its restaurant, Hugo's.

22. Plaintiff was the only Jamaican Server at Defendant.

23. On or around August 26, 2021, Defendant suspended Plaintiff pending an investigation into an allegation against him.

24. Specifically, said allegation was raised by a Caucasian, American-born female Banquet Manager, claiming that Plaintiff told her that he missed her after not seeing her in the workplace since prior to the start of the COVID-19 pandemic.

25. Immediately after learning of his suspension in the Human Resources office, Plaintiff returned to Hugo's to inform his manager and retrieve his personal belongings, and he was then escorted out of the building by security.

26. On or around August 27, 2021, Defendant abruptly terminated Plaintiff's employment allegedly because he had returned to Hugo's after learning of his suspension.

27. Importantly, Plaintiff was not told that he was unable to retrieve his personal belongings before leaving and, upon information and belief, Defendant's policy is to have security immediately escort an employee out if they are not permitted on the premises.

28. Furthermore, just two (2) weeks earlier, an American-born female Hostess, had returned to Hugo's after being notified that her employment was suspended due to allegedly arriving at work inebriated; yet Defendant did not similarly terminate her employment.

29. Plaintiff contends that Defendant's articulated reason for his termination is pretextual and that the decision was due to his race (Black), national origin (Jamaica), and gender (male) in violation of Title VII and the PHRA.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

30. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31. Plaintiff is a member of protected classes in that he is Black.

32. Plaintiff was qualified to perform the job for which he was hired.

33. Plaintiff suffered adverse job actions, including, but not limited to termination.

34. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

35. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

36. Defendants discriminated against Plaintiff on the basis of race.

37. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

38. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. The foregoing conduct by Defendants constitutes unlawful discrimination against

Plaintiff on the basis of his race (Black).

41. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – NATIONAL ORIGIN DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a member of protected classes in that his national origin is Jamaica.

44. Plaintiff was qualified to perform the job for which he was hired.

45. Plaintiff suffered adverse job actions, including, but not limited to termination.

46. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

47. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

48. Defendants discriminated against Plaintiff on the basis of national origin.

49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

50. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – NATIONAL ORIGIN DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his national origin (Jamaica).

53. As a result of Defendants' unlawful national origin discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a member of protected classes in that he is male.

56. Plaintiff was qualified to perform the job for which he was hired.

57. Plaintiff suffered adverse job actions, including, but not limited to termination.

58. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

60. Defendants discriminated against Plaintiff on the basis of gender.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his gender (male).

65. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Garfield Edwards, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

    practices which discriminate in violation of the Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 9, 2022  **By:** */s/ David M. Koller*
            David M. Koller, Esquire
            Jordan D. Santo, Esquire
            2043 Locust Street, Suite 1B
            Philadelphia, PA 19103
            215-545-8917
            davidk@kollerlawfirm.com
            jordans@kollerlawfirm.com

            *Counsel for Plaintiff*